**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| HYDRO-QUÉBEC, § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:11-CV-1217 |
| v. § | |
| § | Jury Trial Demanded |
| A123 SYSTEMS, INC. and § | |
| VALENCE TECHNOLOGY, INC. § | |
| § | |
| § | |
| Defendants. § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Hydro-Québec files this Complaint for Patent Infringement against Defendants A123 Systems, Inc. ("A123") and Valence Technology, Inc. ("Valence"), on personal knowledge as to all facts regarding themselves and on information and belief as to all other matters, as follows:

**I.
PRELIMINARY STATEMENT**

Rechargeable lithium metal phosphate batteries are the world's next generation of electrical power sources, representing billions of dollars of potential sales. That valuable technology was invented and patented by world-renowned scientist and University of Texas ("UT" or the "University") faculty member, Dr. John Goodenough, and others working under his direction within UT's Materials Science and Engineering Department. The patent-in-suit — U.S. Patent No. 7,955,733 (the "'733 Patent") — is the most recent iteration of Dr. Goodenough's work with lithium metal phosphate batteries. The '733 Patent was assigned to the Board of Regents while still an application which, in turn, was assigned to Hydro-Québec prior to its issue. Hydro-Québec's economic interests in the commercialization of the patented

technology are threatened by the conduct of the Defendants, who are making and selling the infringing batteries and cathode materials in this District and throughout the United States. By this action, Hydro-Québec seeks to enjoin Defendants from engaging in further acts of infringement, as well as monetary relief for Defendants' past wrongful acts.

## II.
## PARTIES

### A. Plaintiff

1. Hydro-Québec is a Canadian crown corporation with its principal place of business in Montréal, Québec. The Province of Québec is the sole shareholder of Hydro-Québec. Hydro-Québec's primary business is generating and distributing electricity to the citizens of Québec and other customers within Canada.

### B. A123

2. Established in December 2001, A123 is a privately-held Delaware corporation with its principal place of business in Watertown, Massachusetts. A123, through Black & Decker's national distribution channel, is selling Al23's infringing rechargeable lithium metal phosphate batteries for use in Black & Decker's products, including, but not limited to, the DeWalt line of cordless power tools. In addition to other acts that constitute doing business in Texas, A123 has committed acts of patent infringement in this state. The Court's exercise of personal jurisdiction over A123 would not offend due process because A123 should have foreseen that the injurious effect of its acts would be felt in Texas. Although A123 is doing business in Texas, it has not designated a registered agent for service of process in Texas. Therefore, A123 may be served by serving the summons and complaint onto A123's registered agent for service of process in Massachusetts and President, David P. Vieau, Arsenal on the Charles, 321 Arsenal Street, Watertown, Massachusetts 02472.

### C. Valence

3. Valence, founded in 1989, is a Delaware company. Since 2001, Valence has maintained a principal place of business in Austin, Texas. Valence manufactures and sells several infringing phosphate-based lithium-ion battery products, which it purports to market and sell worldwide. Valence has committed acts of patent infringement in this state and in this district. Valence may be served through its registered agent for service of process, Ross A. Goolsby, 12303 Technology Blvd., Suite 950, Austin, Texas 78727.

## III.
## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, because Plaintiff's claims arise under the patent laws and other statutes of the United States.

5. This Court has personal jurisdiction over A123 because it is doing business in Texas, and has committed torts inside and outside Texas that have caused harm in this state. Specifically, A123 is manufacturing and selling infringing batteries, which are being marketed for sale in Texas through its internet website and distributed through Black & Decker's established distribution channel in Black & Decker's products, including but not limited to, the DeWalt line of power tools. Plaintiff's claims for patent infringement arise from A123's infringing activities in the State of Texas and throughout the United States which have caused substantial harm to Hydro-Québec. Further, A123 has received substantial investment funds from several entities licensed to conduct and conducting business in Texas, including Motorola Inc., GE Commercial Finance Technology Lending LLC, and Qualcomm, Inc. In sum, A123's conduct and connections with Texas are purposeful and such that it must have reasonably foreseen that it would be sued in Texas by the owner of the patent-in-suit.

6. This Court has personal jurisdiction over Valence because Valence is a citizen of Texas, having a principal place of business in Austin, Texas. Moreover, Valence has committed torts inside and outside Texas that have caused harm in this state. Specifically, Valence is marketing and selling products, which contain infringing lithium metal phosphate batteries throughout the United States, including Dallas County, Texas. Plaintiff's claims for patent infringement arise from Valence's infringing activities in the State of Texas and throughout the United States, which have caused substantial harm to Hydro-Québec.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## IV.
## COUNT 1 - INFRINGEMENT OF U.S. PATENT NO. 7,955,733

8. Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as if set forth in full herein.

9. On June 7, 2011, United States Patent No. 7,955,733 (the "'733 Patent") entitled CATHODE MATERIALS FOR SECONDARY (RECHARGEABLE) LITHIUM BATTERIES, was duly and legally issued by the United States Patent and Trademark Office.

10. Hydro-Québec is the assignee and an owner of the right, title and interest in and to the '733 Patent, including the right to assert all causes of action arising under said patent and the right to remedies for infringement of it.

11. A123 has directly infringed, engaged in acts of contributory infringement and/or induced the infringement of one or more claims of the '733 Patent by manufacturing, having manufactured, using, importing into the United States, selling and/or offering to sell cathodes and secondary battery products that embody, incorporate and/or practice one or more of those claims. Such battery products include, but are not limited to, the AMP 20 Prismatic Cell, the

AHR32113 Cell, the ANR26550 Cell, and the APR18650 Cell, as well as modules and systems made by A123 containing these cells.

12. Valence has directly infringed, engaged in acts of contributory infringement and/or induced the infringement of one or more claims of the '733 Patent by manufacturing, having manufactured, using, importing into the United States, selling and/or offering to sell secondary battery products that embody, incorporate and/or practice one or more of those claims. Such battery products include, but are not limited to, the U-charge and Saphion batteries.

13. Hydro-Québec has implemented a well-conceived, efficient, and effective plan for commercializing the patented lithium metal phosphate battery technology. Specifically, Hydro-Québec currently licenses Phostech Lithium, Inc. and Sony Corporation to practice, make, use, or sell the inventions in which it has exclusive rights. Each of those license agreements is carefully-crafted with respect to the specific field of use in which the licensee may use Hydro-Québec's rights in the Goodenough Patent. Indeed, Sony recently announced that it had commenced shipping secondary batteries with the patented olivine-type lithium metal phosphate cathodes in June 2009. Those batteries are intended for use in motor driven devices such as power tools, and in a wide range of mobile electronic devices such as mobile phones and netbooks.

14. Defendants' infringing activities threaten to irreparably harm Hydro-Québec by destroying their plan for commercializing the Goodenough Patent.

15. The balance of equities favors Hydro-Québec. They own and control the rights to commercialize and reap the benefits from the production of patented lithium metal phosphate cathodes. In the absence of an injunction, Hydro-Québec's carefully-formulated plan for commercializing the patented technology through a few highly-qualified manufacturers and

sellers will be destroyed, as will be the goodwill associated with the Goodenough Patent. Without injunctive relief, Hydro-Québec will lose their right to control the quality and purity of the patented cathodes in the lithium metal phosphate batteries now being distributed to the public. That control is of critical importance to Hydro-Québec, given that the market for lithium metal phosphate battery products has gained commercial traction, and initial positive public response will help to drive future acceptance by a greater number of consumers.

16. Therefore, Plaintiff respectfully requests that this Court issue a permanent injunction prohibiting Defendants and their officers, directors, employees, agents, subsidiaries, affiliates, and all those in active concert with them, from: (a) infringing, contributing to the infringement, or inducing the infringement of the '733 Patent; and (b) making, having made, using, selling, offering for sale, or importing any cathodes or battery products, systems, or component parts embodying, incorporating and/or practicing any of the inventions described and claimed in the '733 Patent, including, but not limited to, any other battery products using olivine lithium metal phosphate.

17. In addition to permanent injunctive relief to prevent Defendants from engaging in further acts of infringement in violation of the '733 Patent, Plaintiff seeks an award of money damages to compensate it fully for the injuries it has sustained as a result of Defendants' infringement of one or more claims of the '733 Patent.

18. Accordingly, pursuant to 35 U.S.C. § 284, Plaintiff seeks an award of damages in the amount assessed by the jury to compensate it for Defendants' infringement, but, in no event, less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as determined by the Court.

19. On information and belief, Defendants are aware of the '733 Patent and the application leading to the '733 Patent, and Defendants' infringing activities are willful.

## V.
## JURY DEMAND

Plaintiff hereby requests a jury trial on all matters so triable under the Constitution, laws, or statutes of the United States.

## VI.
## RELIEF REQUESTED

Considering the premises, Plaintiff requests that this Court enter judgment in its favor and against Defendants, providing for the following relief:

a. Permanent injunctive relief against Defendants, their agents, representatives, employees, and servants, and all persons and entities in concert or participation with them, requiring them to cease and refrain from making, using and/or selling the patented technology or any product containing the patented technology in violation of Plaintiff's rights under the '733 Patent;

b. Actual damages in an amount to be determined at trial;

c. Increased damages pursuant to 35 U.S.C. § 284;

d. Reasonable and necessary attorneys' fees incurred by Plaintiff in connection with this action pursuant to 35 U.S.C. § 285;

e. Prejudgment and post-judgment interest at the highest rate(s) allowed by law;

f. Costs of court; and

g. Such other and further relief which this Court may deem just and proper.

Respectfully submitted,

By:    /s/ James W. Cannon
    James W. Cannon (TX Bar No. 03746600)
    Kevin J. Meek (TX Bar No. 13899600)
    Darryl J. Adams (TX Bar No. 00796101)
    **BAKER BOTTS L.L.P.**
    98 San Jacinto Boulevard, Suite 1500
    Austin, Texas  78701
    Telephone:  512.322.2500
    Facsimile:   512.322.2501
    *jim.cannon@bakerbotts.com*
    *kevin.meek@bakerbotts.com*
    *darryl.adams@bakerbotts.com*

    Ryan Bangert (TX Bar No. 2405446)
    **BAKER BOTTS L.L.P.**
    2001 Ross Avenue
    Dallas, Texas  75201-2980
    Telephone:  214.953.6500
    Facsimile:   214.953.6503
    *ryan.bangert@bakerbotts.com*

    **ATTORNEYS FOR PLAINTIFF,**
    **HYDRO-QUÉBEC**